## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FLORY URIA** )<br>    **7429 Arlington Boulevard** )<br>    **Apt. 203** )<br>    **Falls Church, Virginia 22042** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>    **600 Fifth Street, N.W.** )<br>    **Washington, D.C. 20001** )<br>)<br>    **Serve: Patricia Lee, Esquire** )<br>        **General Counsel, WMATA** )<br>        **600 Fifth Street, N.W.** )<br>        **Washington, D.C. 20001** )<br>)<br>    **Defendant.** )<br>) | **Case No. _____** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Flory Uria and for her Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA") states as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Authority Compact (the "Compact"), which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI § 81, adopted in the District of Columbia Code at § 9-1107.10.

2.      Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as WMATA is located in this federal judicial district.

## PARTIES

3.      Plaintiff Flory Uria (hereinafter "Plaintiff") is an adult citizen of the Commonwealth of Virginia, residing at 7429 Arlington Boulevard, Apt. 203, Falls Church, Virginia 22042.

4.      Defendant WMATA (hereinafter "Defendant" or "WMATA"), created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

5.      At all relevant times, WMATA was the owner of the transit bus being operated by its employee bus driver ("the Bus Operator").  At all relevant times, the Bus Operator was acting in the course and scope of his employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of his tortious acts and omissions in causing Plaintiff's injuries.  WMATA is also liable for the Bus Operator's tortious acts and omissions pursuant to Article XVI § 80 of the Compact and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## **FACTS**

6.      On September 30, 2017, at approximately 9:45 a.m., Plaintiff (an almost 83-year-old woman) boarded WMATA Metrobus Number 2929 (the "Bus") at Seven Corners Transit Center in Seven Corners, Virginia.

7.      After boarding the bus, Plaintiff who, in addition to her advanced age, had knee problems which caused her to ambulate extremely slowly and with the assistance of a cane, made her way towards the handicap seating on the Bus to take a seat.

8.      Before Plaintiff had a reasonable opportunity to take a seat, the Bus Operator accelerated the Bus away from the stop before performing his required safety checks to ensure the safety of the Bus passengers.

9.      As a direct and proximate result of the Bus Operator accelerating the Bus, Plaintiff, who was not anticipating the Bus to move, and had not had a reasonable opportunity to sit or secure herself, was thrown violently forward, striking her head on the hard plastic seating in front of her.

10.      The entire incident was captured on the Bus's own camera system.

11.      Plaintiff suffered a loss of consciousness as a result of the incident.

12.      Upon regaining consciousness, Plaintiff was in immediate pain as blood began to gush from her head.

13.     Pictures taken at the scene of the incident are below:









14.     Plaintiff was transported to Virginia Hospital Center by ambulance where she was treated for injuries suffered as a direct and proximate result of the Bus Operator's negligence as aforesaid.

15.     Plaintiff sustained serious injuries to the left side of her head, left side of her face, and her left ear, which required extensive medical treatment, including, but not limited to staples in her head, medical injections, and pain medication.

16.     A picture of the wound to Plaintiff's head is below:



17.     In addition to her physical injuries, the force of the fall resulted in Plaintiff's hearing aid being destroyed, which required Plaintiff to purchase a new hearing aid.

18.     Further, Plaintiff suffered extreme headaches and anxiety as a result of the incident, including an ongoing fear that she will fall again on a bus.

19.     Plaintiff has undergone substantial medical treatment since the incident for injuries suffered as a direct and proximate result of the Bus Operator's negligence as aforesaid.

20.     At no time did Plaintiff act in a negligent manner, nor did she assume any risk.

21.     At the time of the occurrence, the Bus Operator was an agent and/or employee of Defendant and was operating the Bus within the course and scope of his employment and/or agency with Defendant, which is vicariously liable and otherwise legally responsible for his actions.

22.     At the time of the occurrence, the Bus Operator was operating the Bus with the consent of Defendant.

## COUNT I
### (Negligence and Negligence Per Se)

23.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

24.     Plaintiff brings this claim for her individual injuries suffered as a result of Defendant's negligence and negligence *per se*.

25.     All acts and omissions of Defendant's agent, servant, and/or employee, the Bus Operator, were carried out within the scope of his employment and/or agency while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

26.     The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of Defendant's agent, servant, and/or employee.

27.     Defendant, through its agent, servant, and/or employee, had a duty of care to operate the Bus in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances.

28.     Defendant, through its agent, servant, and/or employee, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent and/or negligent *per se* in the following ways, *inter alia*:

(a)     Failure to ensure the safety of its boarding passenger, Plaintiff, by ensuring that she was secure prior to moving the Bus;

(b)     Failure to pay full time and attention to the operation of the Bus;

(c)     Failure to maintain proper control of the Bus;

(d)     Operating and maintaining an unsafe and hazardous bus service environment;

(e)     Failure to operate the Bus safely;

(f)     Failure to warn Plaintiff;

(g)     Failure to adhere to the below-described WMATA SOPs, which reflect applicable standards of care; and

(h)     Violating the below-listed local and federal statutes and regulations then and there in full force and effect in Virginia without explanation.

29.     At all relevant times herein, there was in effect Va. Code § 46.2-852, which provides: "Irrespective of the maximum speeds permitted by law, any person who drives on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."

30.     Va. Code § 46.2-852, which was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither WMATA nor the Bus Operator

can offer an explanation as to the Bus Operator's violation of such regulation, thereby rendering WMATA negligent *per se* (*i.e.*, as a matter of law).

31.     At all relevant times herein, there was in effect in Fairfax County, Virginia, Fairfax County Code § 82-4-24, which provides: "No person shall operate a motor vehicle upon the highways of this County without giving his full time and attention to the operation of the vehicle."

32.     Fairfax County Code § 82-4-24 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither WMATA nor the Bus Operator can offer an explanation as to the Bus Operator's violation of such regulation, thereby rendering WMATA negligent *per se* (*i.e.*, as a matter of law).

33.     At all relevant times herein, the Bus Operator was required to comply with WMATA's "Metrobus Standard Operating Procedures," dated December 2013 ("WMATA SOPs").

34.     According to the Preface of the WMATA SOPs, "Adherence to the rules set forth in [the WMATA SOPs] is required of all personnel working in and around the bus system and will enable us to continue to provide the safest and most reliable system possible." *Id.*

35.     At all relevant times herein, WMATA SOP 10.5.21, under the heading "Leaving the Service Stop/Prepare to Move," required that "[a]fter completing fare transactions, check that customers are secure (customers should be seated or holding onto stanchion or handrails) and prepared for bus movement."

36.     Plaintiff's personal injuries were a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee.

37.     Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

38.     As a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee, Plaintiff suffered serious injuries to the left side of her head, left side of her face, and her left ear, which required extensive medical treatment, including, but not limited to staples in her head, medical injections, and pain medication.

39.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff suffered property damage, including, but not limited to the destruction of her hearing aid.

40.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff suffered and will continue to suffer intense physical and emotional pain and suffering.

41.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff incurred and may in the future continue to incur significant medical expenses.

42.     As a further direct and proximate result of Defendant's negligent acts, Plaintiff was, and continues to be, prevented from pursuing her normal routine and customary activities.

43.     For such injuries proximately resulting from Defendant's negligent conduct, Defendant is liable to Plaintiff for compensatory damages in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant, as follows: (1) compensatory damages in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

### JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

FLORY URIA

By:    Kenneth J. LaDuca, D.C. Bar #1031173
GRENIER LAW GROUP PLLC
1920 L Street, N.W., Suite 750
Washington, D.C. 20036
kladuca@grenierlawgroup.com
Tel: (202) 768-9600
Fax: (202) 768-9604

Dated: July 19, 2019